IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Timothy L. Douglas, | ) | Case No. 6:20-cv-01698-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Travis Bragg, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, represented by counsel and proceeding in forma pauperis, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On June 25, 2020, the Magistrate Judge issued a Report recommending that the Petition be dismissed without requiring Respondent to file a Return. ECF No. 17. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections. ECF No. 20.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Upon de novo consideration of the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds that unresolved questions remain. While it appears that the Magistrate Judge may ultimately be correct that the Petitioner fails to satisfy the elements of the test articulated in *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018), to invoke the savings clause under 28 U.S.C. § 2255, at this procedural posture, it is unclear what caselaw is still good law and applicable to the current case.

The Court notes that there has been no analysis as to whether the holding in *Braswell v. Smith*, 952 F.3d 441 (4th Cir. 2020), is applicable to the present action. Moreover, in his objections, Petitioner argues that the Fourth Circuit has rejected a strict reading of the requirements of the savings clause that could foreclose relief on an otherwise deserving petitioner. The Court believes that this assertion should be further developed; therefore, it is appropriate to require Respondent to file a responsive pleading. The significance of the issues in this case require further evaluation and exploration.

2

Accordingly, the Court respectfully declines to adopt the recommendation of the Magistrate Judge.  This matter is recommitted to the Magistrate Judge to authorize service of process and require Respondent to file a responsive pleading.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 9, 2020
Spartanburg, South Carolina